## Cunningham Associates, Inc. v. Mildred Bianchi and Gerolimo Bianchi

[396 A.2d 1391]

No. 122-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 11, 1979

*Rice & Knosher,* Montpelier, for Plaintiff.

*Gerolimo* and *Mildred Bianchi,* Rutland, *pro se.*

**Per Curiam.** Following trial by court, defendants, appearing pro se, were found liable to plaintiff for surveying services as billed. The original judgment order was later amended to include dismissal of their counterclaim. The property involved is the same as that in *DiBernardo* v. *Bianchi,* 136 Vt. 476,

392 A.2d 433 (1978), and the defendants are the same. So is the general tenor of their defense here.

We are directed to no particular in which the trial court findings are unsupported by credible evidence. They must, therefore, stand. *DiBernardo, supra.* Defendants quarrel with the starting point of the survey, but the point used was one specified in the original agreement. Defendants admit it "was a most unfortunate phrase" for them to have chosen. As we stated in the prior case, their difficulty lies with an old, defective deed, which a survey can reflect, but not correct.

Error is claimed in the refusal of the trial court to admit a certified copy of a deed. Its materiality is not pointed out, but in any event an examination of the proffered "deed" discloses it to have been only an extract from a deed, part of the description. This is not, in our view, a "copy" within the meaning of V.R.C.P. 44(a)(1).

No other probative evidence was offered bearing on defendants' counterclaim, and it was properly dismissed. Since it sought damages for improper performance by the plaintiff, the judgment in chief for the plaintiff is necessarily determinative of the counterclaim. Defendants' claim that they put in no further evidence because of discouragement at the court's ruling on the proffered exhibit is understandable, but does not justify a new trial.

As in *DiBernardo, supra,* the defendants raise questions of professional practice referred to the Board of Registration for Land Surveyors, and complain of lack of assistance from that Board. We reiterate that, upon this record, we cannot review those questions.

*The amended judgment order filed August 1, 1978, is affirmed.*